USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/20/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Haoyang Huang,

                                      **Plaintiff,**

          -against-

Valarhash LLC, et al.,

                                      **Defendants.**

**1:22-cv-09973 (GHW) (SDA)**

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

      Currently before the Court is the motion of Plaintiff Haoyang Huang ("Plaintiff" or "Huang") for a default judgment against Defendants Valarhash LLC, Valarhash Inc., Vhash, Inc. (collectively, the "Valarhash Entities") and Yongshuang Lyu a/k/a Fiona Lyu ("Lyu") (together with the Valarhash entities, the "Defendants"). (Pl.'s 8/11/23 Mot., ECF No. 40.) Because it appears on the present record that personal jurisdiction does not exist over any of the Defendants, the Court issues this Order requiring Plaintiff to show cause why his motion for default judgment should not be denied because the Court lacks personal jurisdiction over the Defendants.

**LEGAL STANDARDS**

      "[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant[s]." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). Although the Second Circuit has "'left open the question whether a district court *must* investigate its personal jurisdiction over a defendant' when considering a motion for default judgment," it has found that district courts are entitled to raise the matter *sua sponte* where 'the defaulting defendant[s] did not appear

or consent to the jurisdiction of the court.'" *Hood v. Ascent Med. Corp.*, 691 F. App'x 8, 9-10 (2d Cir. 2017) (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011)) (cleaned up); *see also Sinoying*, 619 F.3d at 213.[1]

"To determine whether the exercise of personal jurisdiction is proper in a diversity case, the Court must conduct a two-part inquiry: first, the Court looks at whether there is a basis for personal jurisdiction under the laws of the forum state, and second, the Court must examine whether the exercise of personal jurisdiction comports with constitutional due process." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-03931 (LJL), 2023 WL 2664079, at *7 (S.D.N.Y. Mar. 28, 2023) (citing *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2013); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002)).

"[A] federal court in New York may exercise personal jurisdiction over a non-resident defendant based either on general jurisdiction, under C.P.L.R. § 301, or specific jurisdiction, under C.P.L.R. § 302." *Overseas Ventures, LLC. v. ROW Management, Ltd., Inc.*, No. 12-CV-01033 (PAE), 2012 WL 5363782, *9 (S.D.N.Y. Oct. 26, 2012) (citing *Realuyo v. Abrille*, 93 F. App'x 297, 298-99 (2d Cir. 2004); *Delagi v. Volkswagenwerk A.G.*, 29 N.Y.2d 426, 430 (1972)). These jurisdictional bases are discussed below.

---

[1] In *Sinoying*, the district court raised *sua sponte* the issue of personal jurisdiction. *See Sinoying*, 619 F.3d at 211. On appeal, the Second Circuit held "the District Court did not err when, acting *sua sponte*, it raised its lack of personal jurisdiction over [the defendant] and dismissed the complaint on that ground." *Id*. at 213. When discussing the propriety of the court's *sua sponte* action, the Second Circuit noted that the district court first gave the plaintiff the opportunity to establish that the court had personal jurisdiction over the defendant and respond to an order to show cause. *See id*. at 214. Only after the plaintiff was unable to establish a basis of personal jurisdiction over the defendant did the court dismiss the Complaint. *See id*.

I.  **General Personal Jurisdiction**

General personal jurisdiction subjects a defendant to suit on all claims. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In New York, pursuant to CPLR § 301, general jurisdiction exists when a company "has engaged in such a continuous and systematic course of 'doing business' [in New York] that a finding of its 'presence' [in New York] is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs.*, 77 N.Y.2d 28, 33 (1990) (alteration in original)).

CPLR § 301 also "allows courts in New York to exercise general personal jurisdiction over individuals who are 'domiciled in New York, have a physical presence in New York, . . . consent to New York's exercise of jurisdiction, [or,] . . . 'do[ ] business' in [New York].'" *Delgado-Perez v. City of New York*, No. 17-CV-01194 (LTS), 2018 WL 6200039, at *2 (S.D.N.Y. Nov. 28, 2018) (quoting *Pinto-Thomaz v. Cusi*, No. 15-CV-01993 (PKC), 2015 WL 7571833, at *3 (S.D.N.Y. Nov. 24, 2015)). "Although the 'doing business' test is most often used to find jurisdiction over a corporate defendant, this test can be applied to a nonresident individual." *Rosado v. Bondi*, No. 16-CV-06916 (NSR), 2017 WL 4947122, at *3 (S.D.N.Y. Oct. 27, 2017) (quoting *Patel v. Patel*, 497 F. Supp. 2d 419, 425 (E.D.N.Y. 2007)). In such cases, the individual defendant still "must be 'engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction.'" *Patel*, 497 F. Supp. 2d at 425 (quoting *J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*, 131 F. Supp. 2d 544, 547-48 (S.D.N.Y. 2001)). New York courts have interpreted CPLR § 301 to require that the defendant "be present in New York not occasionally or casually, but with a fair measure of permanence and continuity"; factors examined include indicia of a physical

3

presence in the state, such as the existence of an office, bank accounts, or other property in the state. *Id*. (cleaned up).

Even if general jurisdiction under CPLR § 301 is satisfied, a court independently must ensure that due process is satisfied. *See DeLorenzo v. Ricketts & Assocs., Ltd.*, No. 15-CV-02506 (VSB), 2017 WL 4277177, at *6-7 (S.D.N.Y. Sept. 25, 2017), *aff'd sub nom. DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 F. App'x 6 (2d Cir. 2018). Under the Due Process Clause, a corporation can "be subject to general jurisdiction in a state only where its contacts are so 'continuous and systematic' . . . that it is 'essentially at home' in that state." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 571 U.S. at 139). "Aside from 'an exceptional case' . . . a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." *Gucci Am., Inc.*, 768 F.3d at 135 (quoting *Daimler*, 571 U.S. at 139 & n.19).

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *SPV Osus, Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) (quoting *Goodyear*, 564 U.S. at 923); *see also Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017) ("General jurisdiction over an individual comports with due process in the forum where he is 'at home,' meaning the place of 'domicile.'" (citation omitted)).

II. **Specific Personal Jurisdiction**

Specific personal jurisdiction subjects a defendant to suit only on claims that arise from the defendant's conduct in the forum. *See Cortlandt St. Recovery Corp.*, 2015 WL 5091170, at *2; *see also Daimler*, 571 U.S. at 126-27. New York's specific (long-arm) jurisdiction statute states

4

that "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent":

>1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
>2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
>3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
>4. owns, uses or possesses any real property situated within the state.

CPLR § 302(a).

"The reach of New York's long-arm statute . . . does not coincide with the limits of the Due Process Clause." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007). Nevertheless, even if a plaintiff can establish a statutory basis for personal jurisdiction under New York's long-arm statute, the plaintiff still would need to show that personal jurisdiction comports with constitutional due process principles. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012).

Under the Due Process Clause, in the context of specific personal jurisdiction, "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. at 286 (citation omitted). "To be sure, a defendant's contacts with the forum State may be intertwined with his

transactions or interactions with the plaintiff or other parties." *Id*. "But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id*. (citation omitted).

## APPLICATION

With respect to personal jurisdiction, Plaintiff alleges as follows:

> This Court has personal jurisdiction over Defendants because they regularly conduct business within the State of New York, the transactions and occurrences out of which this dispute arose transpired within the State of New York. This Court also has personal jurisdiction over Defendants because they have had sufficient contacts with the State of New York in relation to the events giving rise to this dispute to subject them to personal jurisdiction and, moreover, Defendants knowingly and intentionally caused significant harm to Plaintiff within the State of New York.

(Am. Compl., ECF No. 3, ¶ 9.) However, the Court finds that the Amended Complaint does not plead a satisfactory basis for the exercise of either general or specific personal jurisdiction against any of the Defendants.

With respect to general personal jurisdiction, there are no allegations to establish that the contacts that the Valarhash Entities and/or Lyu have with the State of New York are so continuous and systematic that they have a presence, or are essentially at home, in New York. Thus, Plaintiff has not pled sufficient allegations to show that general personal jurisdiction can be exercised against the Defendants under CPLR § 301 and/or consistent with due process.

With respect to specific personal jurisdiction, Plaintiff has not articulated the subsection of CPLR § 302(a) on which he relies. In any event, even assuming that there is a statutory basis for personal jurisdiction under one of the subsections of CPLR § 302(a), Plaintiff has not alleged any contacts that the Defendants have with the State of New York,

6

other than Plaintiff's presence in New York, such that specific personal jurisdiction can be exercised over Defendants consistent with due process.[2]

## CONCLUSION

By reason of the foregoing, Plaintiff is ordered to show cause, no later than October 20, 2023, why his motion for default judgment should not be denied because the Court lacks personal jurisdiction over the Defendants. In response to this Order, Plaintiff may submit affidavits, declarations or other documentary evidence, in addition to legal arguments.

**SO ORDERED**.

Dated:   New York, New York
         September 20, 2023

_____
**STEWART D. AARON**
**United States Magistrate Judge**

---

[2] Indeed, the Amended Complaint alleges contacts Defendants have with the States of California, Delaware and Ohio, not New York. (*See* Am. Compl. ¶¶ 2, 5-7, 10, 16, 71, 87.)